# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
### Ashland Division

| | |
|---|---|
| Michael Kitchen ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Midland Funding, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     CSC-Lawyer's Incorporating ) | |
|       Service Company ) | |
|     421 W. Main ) | |
|     Frankfort, KY 40601 ) | |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by a consumer seeking declaratory relief and damages for himself and on behalf of all similarly-situated Kentucky citizens for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and for recovery of usurious interest imposed and collected by Defendant Midland Funding, LLC ("Midland").

2.      Midland attempted to collect interest or fees from Plaintiff Michael Kitchen that it has no legal right to recover. In particular, Midland reported false negative credit information concerning Mr. Kitchen to one or more consumer reporting agencies that included unlawful interest and/or fees added to the debt. Midland reported negative information concerning Mr. Kitchen and the other members of the class in order to collect a debt from him and them. These and other acts violate the FDCPA. Mr. Kitchen seeks damages and declaratory relief.

## JURISDICTION

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4.    Plaintiff Michael Kitchen is a natural person who resides in Greenup County, Ky. Mr. Kitchen is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.    Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

6.    Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

7.    On December 11, 2013, Mr. Kitchen obtained a copy of his consumer credit report from Trans Union, LLC.

8.    Mr. Kitchen's Trans Union consumer credit report includes negative credit information furnished by Midland in connection with a charged-off credit card debt originated by GE Money Bank.

9.    Mr. Kitchen used the GE Money Bank credit card exclusively for personal, family, and household purposes, therefore the GE Money Bank debt is a "consumer debt" within the meaning of the FDCPA.

10. According to the information furnished by Midland, GE Money Bank assigned Mr. Kitchen's debt to Midland in August of 2009.

11. Further, according to the information furnished by Midland, the original amount of the debt when Midland took assignment of the debt from GE Money Bank was $144.00.

12. Midland is reporting that $243.00 is the balance due on the GE Money Bank debt as of March 27, 2014.

13. In the 43 months between August 2009 and March 2014, Midland added $99.00 in interest and/or fees on the GE Money Bank debt.

14. As of the date of filing this complaint, neither GE Money Bank nor Midland has filed suit against Mr. Kitchen in an attempt to collect the GE Money Bank debt.

15. As of the date of filing this complaint, there has been no entry of judgment in favor of Midland granting prejudgment interest on Mr. Kitchen's debt.

16. Upon information and belief, Midland is prematurely and extra-judicially assessing, accruing and claiming due and demanding statutory prejudgment interest at the maximum legal rate of 8.00% under KRS 360.010 on Mr. Kitchen's GE Money Bank debt.

17. Upon information and belief, Midland began extra-judicially adding prejudgment interest on Mr. Kitchen's GE Money Bank debt from the date that the original creditor, GE Money Bank, charged off the debt.

18. Upon information and belief, GE Money Bank affirmatively waived any right it may have had to accrue and assess either contractual or statutory prejudgment interest on Mr. Kitchen's GE Money Bank debt after it charged off Mr. Kitchen's debt.

19. Upon information and belief, GE Money Bank did not accrue or assess any contractual or statutory prejudgment interest on Mr. Kitchen's GE Money Bank debt between the

time it charged off Mr. Kitchen's debt and selling the debt to Midland.

20.     Prejudgment interest under KRS 360.010 is not a self-executing remedy.

21.     The negative credit information furnished by Midland on Midland's behalf is false because it includes the assessment and accrual of statutory prejudgment interest under KRS 360.010 on the GE Money Bank debt that neither GE Money Bank nor Midland had legal right to extra-judicially assess, accrue, or collect.

22.     Midland reported negative credit information on Mr. Kitchen's consumer report for purposes of collecting a debt from him. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Trans Union, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

23.     Upon information and belief, Midland is furnishing similar false negative credit information to consumer reporting agencies concerning hundreds or thousands of Kentucky consumers and charged-off debt purchased by Midland.

## CLASS ALLEGATIONS

24.     Plaintiff Michael Kitchen brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

25.     These persons comprise the following:

**Class:** All Kentucky citizens against whom Defendant Midland Funding, LLC, or Midland's agents, employees, or representatives, within one year of the date of filing this complaint:

**(a)**     furnished negative credit information to one or more consumer reporting agencies concerning the class member in connection with a charged-off credit card debt purchased by Midland; and

**(b)**     extra-judicially added accrued statutory prejudgment interest to the amount to the debt in the negative credit information furnished to one or more consumer reporting agencies.

For purposes of defining the class, "extra-judicially added accrued statutory prejudgment interest to the amount to the debt" means accruing and assessing statutory prejudgment interest without the benefit of a duly-entered judgment awarding Midland the right to assess and accrue the interest it added to a debt in the negative credit information concerning the debt that Midland furnished to one or more consumer reporting agencies.

26.     This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the class for Midland's violation of the FDCPA.

27.     This action also seeks declaratory relief from this Court declaring that Midland has no legal right to accrue and assess interest on charged-off credit card debts without a duly entered judgment awarding Midland the right to accrue or interest on the debts.

28.     The class so represented by Plaintiff Michael Kitchen in this action, and of which he himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

29.     Plaintiff's claims are typical of the claims of the class.

30.     There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether Midland has collected, attempted to collect, or sued to collect usurious interest from each member of the class.

31.     There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

32.     Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

33.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

34.     Plaintiff's attorneys have successfully represented other claimants in similar litigation.

35.     This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

36.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

37.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

38.     The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

39.     Because many of the persons who comprise the class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because

relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

40.     The above-described actions by Midland constitute violations of the Fair Debt Collection Practices Act.

41.     Defendant Midland Funding, LLC's violations of the FDCPA include, but are not limited to:

**(a)**  Midland violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by furnishing false credit information to one or more consumer reporting agencies concerning a debt owed by Mr. Kitchen and debts owed by the members of the class. The information furnished by Midland was false because Midland added accrued statutory prejudgment interest to the debts that Midland had no legal right to assess, accrue, or collect without the benefit of duly entered judgment awarding statutory prejudgment interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Kitchen requests the Court grant him relief as follows:

1.     Declare that Midland's practice of extra-judicially assessing and accruing statutory interest on debts and adding this extra-judicial prejudgment interest to the amount of the debts in information furnished about the debt to consumer reporting agencies violates the FDCPA;

2.     Award the maximum amount of statutory damages for each member of the class provided under 15 U.S.C. §1692k;

3.     Attorney's fees, litigation expenses and costs;

4.     Actual damages;

5.     A trial by jury; and

6.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyclc.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com